IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHAMIA SHINEF H.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 20-2567** |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| | ************ | |

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Shamia H. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Acting Commissioner of Social Security ("Defendant," the "Commissioner," or the "SSA") finding that she was no longer entitled to disability insurance benefits under Title II of the Social Security Act as of May 1, 2017. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 18) and Defendant's Motion for Summary Judgment (ECF No. 19).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is no longer disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 19) is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 18) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

In "a determination dated July 17, 2013, [Plaintiff] was found disabled beginning on November 22, 2012.  On May 19, 2017, it was determined that [Plaintiff] was no longer disabled since May 1, 2017.  This determination was upheld upon reconsideration after a disability hearing by a State agency Disability Hearing Officer."  R. at 12 (citations omitted).  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  R. at 12.  On July 3, 2019, ALJ Michelle Crawford held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified.  R. at 33-96.  The ALJ thereafter found on September 24, 2019, that Plaintiff's disability ended on May 1, 2017, and that she had not become disabled again since that date.  R. at 9-32.  In so finding, the ALJ found that the most recent favorable medical decision finding that Plaintiff was disabled was the determination dated July 17, 2013 (the comparison point decision, or "CPD").  R. at 14.  The ALJ also found that, at the time of the CPD, Plaintiff had the medically determinable impairment of an upper extremity fracture that met the severity of the impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.07 ("Listing 1.07").  R. at 14.  The ALJ found that, through the date of the ALJ's decision, Plaintiff had not engaged in substantial, gainful activity.  R. at 14.  The ALJ then found that Plaintiff's severe impairments since May 1, 2017, included adhesive capsulitis of the right shoulder; neuralgia and neuritis; cervical radiculopathy; radial neuropathy; ulnar neuropathy; diabetes mellitus; hidradenitis; and obesity.  R. at 14, 19.  Since May 1, 2017, however, she did not have an

impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 15-19.

The ALJ then found that medical improvement occurred on May 1, 2017, which related to Plaintiff's ability to work because by then her CPD impairment no longer met or medically equaled Listing 1.07.  R. at 19.  The ALJ then found that Plaintiff continued to have a severe impairment or combination of impairments since May 1, 2017.  R. at 19.  Because of these impairments, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she can only occasionally push and pull with the right upper extremity.  She can never climb ladders, ropes, or scaffolds.  She can frequently balance, stoop, kneel, crouch, and crawl, and occasionally climb ramps and stairs.  She can frequently reach overhead and in all directions with the right upper extremity.

R. at 19.[3]  In light of this RFC and the VE's testimony, the ALJ found that, since May 1, 2017, Plaintiff could perform her past relevant work as an accounts payable/receivable clerk.  R. at 25-26.  The ALJ also found that Plaintiff could perform other jobs in the national economy since May 1, 2017, such as an unskilled officer helper, mail sorter, or marker.  R. at 26-27.  The ALJ thus found that Plaintiff's disability ended on May 1, 2017, and that she had not become disabled again since that date.  R. at 27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on September 4, 2020, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Continuing Disability Reviews

"Ordinarily, the SSA employs a five-step sequential evaluation process." *Figgs v. Saul*, No. 1:20-cv-00334-JMC, 2021 WL 3930708, at *1 (D. Md. Sept. 2, 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015)). "However, where the SSA granted a claimant benefits and subsequently terminated same, an eight-step continuing disability review evaluation process (for disability insurance benefits claims) and a seven-step continuing disability review evaluation process (for supplemental security income claims) guides the ALJ's analysis." *Id.*; *see* 20 C.F.R. §§ 404.1594; 416.994. The Court recently explained the sequential evaluation process:

> At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claimant's impairment is compared to those in the Listing of Impairments []. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability continues. If the claimant's impairment does not meet or equal a listed impairment, the Commissioner proceeds to step three. At step three, the Commissioner determines whether the claimant has experienced any medical improvement; if so, the Commissioner proceeds to step four, and if not, the Commissioner skips to step five. At step four, the Commissioner determines whether the medical improvement is related to the claimant's ability to work; that is, whether there has been an increase in the claimant's residual functional capacity []. If not, the Commissioner proceeds to step five; if so, the Commissioner skips to step six. At step five—by which point the Commissioner has concluded that the claimant has not experienced medical improvement or the medical improvement is not related to the claimant's ability to work—the commissioner considers whether any of the exceptions to the medical exceptions to the medical improvement standard apply. 20 C.F.R. §§ 404.1594(d), (e). At step six, provided the medical improvement is related to the claimant's ability to work, the Commissioner determines whether the claimant's current impairments in combination are severe; if not, the claimant is no longer disabled. If so, the Commissioner proceeds to step seven and assesses the claimant's RFC to determine whether he or she can perform past relevant work experience. If the

> claimant can perform his or her past relevant work experience, the claimant is not disabled. If the claimant cannot perform past relevant work, however, the Commissioner reaches step eight and considers whether, given the claimant's RFC, age, education, and past experience, the claimant can perform other substantial gainful work.
>
> "Medical improvement" is defined as any decrease in the medical severity of the claimant's previously disabling impairments. 20 C.F.R. § 404.1594(b)(1). A determination that there has been a decrease in medical severity must be based on improvements in the symptoms, signs, or laboratory findings associated with such impairments. *Id.* The determination of whether a claimant can engage in substantial gainful activity involves consideration of all current impairments, the claimant's residual functional capacity, and vocational factors such as age, education, and work experience. 20 C.F.R. § 404.1594(b)(5).

*Figgs*, 2021 WL 3930708, at *1-2 (alterations in original) (quoting *Furdon v. Berryhill*, No. 5:18-CV-BO, 2019 WL 1117908, at *2 (E.D.N.C. Mar. 11, 2019)). "Under each of the continuing disability review evaluation processes, there is no presumption of continuing disability." *Id.* at *2 (quoting *Czerska v. Colvin*, Civil Action No. TMD 12-2238, 2013 WL 5335406, at *1 n.1 (D. Md. Sept. 20, 2013)).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that "[t]he Commissioner erred as a matter of law by failing to consider, when evaluating [her] continuing disability, that [her] additional mental impairment, while not in and of itself disabling, was a significant work-related impairment." Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 18-1. According to Plaintiff, the ALJ failed to consider her depression and thus failed to consider the combination of her exertional and non-exertional impairments. *Id.* at 7-9. Plaintiff also maintains that the Commissioner "summarily discounted [her] complaints of continued pain." *Id.* at 7. "[H]ad the ALJ properly considered [her] complaints of pain, a finding of continued disability likewise would have been warranted in this case." *Id.* at 9. For the following reasons, Plaintiff's contentions are unavailing.

The ALJ here found that Plaintiff did not have a severe mental impairment or combination of mental impairments. R. at 17. Plaintiff argues that "the ALJ's finding that [her]

mental impairment was not severe is more than harmless error" because "[h]ad the ALJ properly assessed [her] non-exertional impairments as severe, the ALJ would have had to consider the combination of [her] impairments and not just her physical or exertional impairments." Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 18-1. Plaintiff's argument is without merit, however. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865-66 (4th Cir. 2014). Moreover, "[t]he [ALJ] is only required to *consider* these non-severe impairments. And even if specifically addressing these impairments was required, [the Court's] review is not frustrated by this omission as these impairments were addressed under step two and deemed to be non-severe limitations." *Britt v. Saul*, __ F. App'x __, No. 19-2177, 2021 WL 2181704, at *5 (4th Cir. May 28, 2021).

In this regard, as Defendant points out, a claimant's mental impairment will generally be considered not severe when her degree of limitation is rated "none" or "mild" in the four broad functional areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3), (d)(1). "The ALJ's decision must show the significant history and medical findings considered and must include a specific finding as to the degree of limitation in each of the four functional areas." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (per curiam) (citing 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4)); *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662, 659 (4th Cir. 2017). The "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662.

Here, the ALJ found that, since May 1, 2017, Plaintiff did not have a severe impairment or combination of mental impairments because her "medically determinable mental impairments cause no more than 'mild' limitation in any of the four functional areas." R. at 18. Substantial

evidence supports the ALJ's analysis of Plaintiff's functioning in each of these four areas (R. at 17-18), which she does not dispute.  Plaintiff's argument that the ALJ erred by failing to consider the combination of her exertional and non-exertional limitations is thus without merit.

Last, Plaintiff contends without explanation that the ALJ did not properly consider her complaints of pain.  Pl.'s Mem. Supp. Mot. Summ. J. 9, ECF No. 18-1.  According to Plaintiff, she napped twice during the day for an hour at a time.  R. at 74.  The VE testified that an individual who required at least two naps per day for up to one hour at a time because of side effects from medication or pain symptoms could not perform any work.  R. at 86.  The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and [Social Security Ruling ("SSR")] 16-3p, 2016 WL 1119029 (Mar. 16, 2016).  First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.  At this step, objective evidence is *not* required to find the claimant disabled.  SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques."  Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted).  "However, while a lack of corroborating objective evidence may not be the *sole* reason an ALJ discounts a claimant's complaints, it is generally appropriate for an ALJ to consider inconsistencies between a claimant's complaints and the available objective evidence." *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing 20 C.F.R. § 416.929).

Here, the ALJ found that Plaintiff's "medically determinable impairment could have reasonably been expected to produce the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." R. at 21. The ALJ noted that a consultative examiner reported that Plaintiff's "history did not appear to be consistent with physical exam or medical records provided." R. at 22 (citing R. at 441). The ALJ also noted minimal treatment since the CPD and her noncompliance with her providers' recommendations and referrals. R. at 21. The ALJ further noted that Plaintiff reported to her pain management provider in May 2018 that she had stopped going to physical therapy because of pain, but there was no evidence of any physical therapy in the record. R. at 23. In addition, Plaintiff alleged that she was able to walk one block, stand for fifteen to twenty minutes, and had difficulty with lifting more than ten to twenty-five pounds with either arm. R. at 22. She also alleged that she could cook for no more than five to fifteen minutes at a time and could wash dishes for zero to five minutes at a time. R. at 22. On physical examination, however, a consultative examiner noted that Plaintiff showed a normal gait and was able to ambulate without difficulty and without an assistive device. R. at 22. She was also able to walk on her toes and heels, to squat to the floor and recover, and to tandem walk and bend over to touch her toes. R. at 22. She had in both hands normal grip strength and normal fine and gross manipulation. R. at 22. The ALJ concluded that, although Plaintiff did experience pain that resulted from her medically determinable impairments, she was nonetheless capable of light work since May 1, 2017 (R. at 19-25). *See Kenneth L.*, 2021 WL 4198408, at *3. Thus, "here the ALJ noted Plaintiff's activities of daily living but found them incredible. Remand is therefore unwarranted." *Id.* (citation omitted).

Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock*, 667 F.3d at 472. When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Because substantial evidence in the record supports the decision of the ALJ, who applied the correct legal standards here, the Court affirms the Commissioner's final decision.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**. Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 18) are **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: October 12, 2021

/s/
Thomas M. DiGirolamo
United States Magistrate Judge